CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for the
SEP 02 2011
JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DERRYMORE CAMPBELL, | ) | Civil Action No. 7:11-cv-00409 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNKNOWN, | ) | By: Hon. Jackson L. Kiser |
| Defendant. | ) | Senior United States District Judge |

Plaintiff, a Virginia inmate proceeding pro se, filed a motion for a temporary restraining order ("TRO") "to redress a contempt of court/contract violation." Between 2001 and 2004, plaintiff was housed at the Buckingham Correctional Center and the Wallens Ridge State Prison, which are facilities of the Virginia Department of Corrections ("VDOC"). Plaintiff filed a civil rights action, pursuant to 42 U.S.C. § 1983 and naming 28 defendants, alleging constitutional and statutory deprivations related to, inter alia,[1] his religion and the food he received. I denied the defendants' motion for summary judgment because I determined that a dispute of material fact existed as to whether "Campbell's adherence to the Common Fare diet is prescribed by religious beliefs." Campbell v. Angelone, et al., No. 7:01cv01023, slip op. at 8 (W.D. Va. Apr. 19, 2004), aff'd, No. 04-6928 (4th Cir. Sept. 27, 2006). I also found a dispute of material fact as to whether the defendants could assert any governmental interest to not accommodate his alleged religious beliefs. By a subsequent Order, I required the defendants to either file a response to address the governmental interest or to provide plaintiff with his requested diet. The defendants chose to provide the diet, who would "continue to receive the Common Fare diet in accordance with the applicable Division Operating Procedures and Institutional Operating Procedures and subject to

---

[1] Plaintiff raised numerous claims and named numerous defendants. However, all the other claims were either dismissed for failure to state a claim or denied by summary judgment. I also noted that plaintiff named defendants who had no facts alleged against them.

the diet's continued availability from the VDOC." (Bass Aff. (Def.s' Resp. (7:01cv01023, no. 57) ¶ 3.) The case concluded without a legal determination of plaintiff's diet claim.

In the instant case, plaintiff requests a TRO because VDOC officials stopped plaintiff's receipt of the Common Fare diet on May 28, 2011. Despite plaintiff's grievances to resolve the issue, plaintiff still does not receive it and has lost weight for the past four months. Plaintiff supplements his diet with commissary purchases worth $2 a day. Plaintiff alleges that I "already ruled on this matter" in April 2004 and that VDOC is in contempt of a court order. Plaintiff requests as relief an Order requiring VDOC officials to give him the Common Fare diet and award him $2 per day he does not receive the Common Fare diet.

The purpose of a TRO is to preserve the status quo and avoid possible irreparable injury to a party pending litigation until a hearing may be conducted. See Steakhouse, Inc. v. City of Raleigh, 166 F.3d 634, 637 (4th Cir. 1999) ("The grant of interim [injunctive] relief is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it."). Pursuant to Federal Rule of Civil Procedure 65(b), the court may issue a Temporary Restraining Order without providing notice where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" In addition, the moving party must certify in writing any efforts made to give notice and the reasons why it should not be required. (Id.) Moreover, the movant must establish (1) that he is likely to succeed on the merits, (2) that the balance of equities tips in his favor, and (3) that an injunction is in the public interest. Winter v. Nat'l Res. Defense Council, Inc., 129 S. Ct. 365, 374-76 (2008).

Plaintiff is not entitled to a TRO. Although I assume plaintiff has a sincerely held

religious belief that requires him to have the Common Fare diet, plaintiff fails to establish a likelihood of success on the merits. Plaintiff did not file a complaint to support the motion, and, despite his arguments to the contrary, I did not enter an Order requiring the VDOC to provide plaintiff with the Common Fare Diet. Even if plaintiff should receive a Common Fare Diet at some point nearly a decade ago, the VDOC may lawfully restrict that diet for a valid reason. Furthermore, plaintiff is in a different facility than the one he was in during his prior litigation, which implicates different policies and defendants than the prior action. Moreover, the balance of equities presently tips in favor of the VDOC to determine how to ration its meals and scarce resources across the thousands of inmates it has across the Commonwealth of Virginia. Indeed, involving a federal court in the day-to-day administration of a prison is a course the judiciary generally disapproves of taking. See, e.g., Bell v. Wolfish, 441 U.S. 520, 540 n.23, 548 n.29 (1979) (explaining that maintaining security and order and operating institution in manageable fashion are "considerations . . . peculiarly within the province and professional expertise of corrections officials"). The public's interest is better served by not presently interfering with penal administration, especially since plaintiff's description of his prior litigation is incorrect. The merits of this issue were not determined in 2004, and plaintiff does not provide a complaint to proceed further in this action. Based on the allegations in the filing and the present status of the case, plaintiff fails to establish the requirements for a TRO, I deny his request, and I dismiss the action without prejudice.

    The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

    **ENTER:** This 2nd day of September, 2011.

                                                       */s/ Jackson L. Kiser*
                                                       Senior United States District Judge